PEOPLE v. CHILDS.

(Supreme Court, Appellate Division, First Department. November 20, 1903.)

1. TRIAL—VOIR DIRE—EXCEPTIONS—WAIVER.
   Where, during the examination of certain talesmen, defendant's attorney asked a question which was excluded by the recorder, but thereafter, and before any evidence had been given, the recorder, of his own motion, allowed the question, and defendant's attorney withdrew the exception, it was waived.

2. APPEAL—RECORD.
   On appeal in a criminal case, in which appellant's case, as made, showed that the recorder asked a number of questions of certain witnesses, but the recorder certified that he asked only one, his ruling was conclusive.

3. SAME—PRESENTATION OF TESTIMONY.
   Under general rules of practice No. 34, providing that the case or exceptions shall not contain the evidence by question and answer, unless ordered by the judge or referee, but that the rulings of the court shall be stated in a narrative form, except where either party claims that

any particular testimony should be recorded by question and answer, a claim on appeal in a criminal case that the examination of witnesses by the recorder had prejudiced the rights of appellant, so that such examination should appear in the record by question and answer, cannot be considered unless it is made to appear by affidavit that such prejudice resulted.

**4. SAME—DUPLICATE STATEMENT OF EXCEPTIONS..**
    Where exceptions to the charge in a criminal case were inserted in the record, and thereafter appellant's attorney, preparing his case, restated them in another portion of the record, it was proper for the recorder to strike the repetition from the record.

**5. SAME—REMARKS IN IMPOSING SENTENCE.**
    On appeal in a criminal case, remarks made by the recorder in imposing sentence formed no part of the record.

Appeal from Trial Term, New York County.

Alfred Childs was convicted of murder, and from an order denying a motion to resettle the case on appeal he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Lewis S. Chanler, for appellant.

R. S. Johnstone, for the People.

PATTERSON, J. The appellant was convicted of the crime of murder in the second degree, and was sentenced to state prison for the term of his natural life. He was tried in the Court of General Sessions of the Peace for the County of New York, the recorder presiding, upon an indictment charging him with murder in the first degree. Intending to appeal from the judgment of conviction, his attorney prepared and served upon the district attorney of the county of New York a proposed case on appeal, to which amendments were served by the district attorney. The case and amendments were presented to the recorder for settlement, and he allowed such amendments. Thereupon the appellant's attorney served a notice of motion for a resettlement of the case. That motion was entertained by the recorder, who, after deliberation, denied it, and from the order of denial this appeal is taken.

In the proposed case, as originally prepared and served by the appellant's attorney, appeared a ruling of the court upon a question asked of certain talesmen, namely, whether, if it appeared as a fact during the trial that the defendant had a pistol in his possession at the time the homicide was committed, that fact of itself would prejudice them against the defendant. It was proven, and not denied, that the killing which was the subject of the indictment was by a pistol shot fired by the accused, who claimed that he acted in self-defense. The recorder would not allow this question to be answered. Twelve jurors were sworn, and the panel was completed, when the recorder, of his own motion, allowed counsel for the accused to put to the jurors the question which had previously been disallowed. No evidence had been given in the case up to that point, and the court still had power to set aside a juror for good cause. Section 371, Code Cr. Proc. The court, as the record shows, was prevented from exercising that power by the course pursued by the counsel for

the prisoner, who not only acquiesced in the question being put to the jurors at that stage of the trial, but accepted the jury, and remarked, "I desire to place upon the record that I withdraw the exception which I took to your honor's refusal to permit the question to be asked." There can be no doubt that the exception was waived.

In the proposed case, as submitted, much of the record consists of the examination of witnesses as it was recorded by question and answer. The amendments required that the testimony be reduced to narrative form, and the recorder held that the record should be made up in that form. It is now argued by the appellant that, to have the case presented properly on appeal, it should stand in the form in which it was originally prepared, because many of the questions were asked by the court, and not by counsel. In the case as proposed, it is made to appear that the court asked a great many questions on the examination of the prisoner which related to the procurement by him of a pistol, and the purpose with which he bought it, as indicating deliberation and preparation to commit the homicide. As the case was prepared, a long series of questions upon this subject is attributed to the court, whereas, according to the contention of the district attorney and the certification of the recorder, he asked but one question of that series. As that is a matter within the personal knowledge of the recorder, his ruling is conclusive.

There are many other questions asked by the recorder, and the appellant insists that they, and the answers to them, should appear in the record by a literal transcription from the stenographer's minutes, and not in the narrative form; that the questions, as put, affected the minds of the jury adversely to the prisoner. Whether, in a case on appeal, the evidence shall be recorded in narrative form, or by question and answer, is regulated by rule 34 of the general rules of practice, which provides that a case or exceptions shall not contain the evidence in hæc verba, or by question and answer, unless ordered by the judge or referee by or before whom the same shall be settled, but the facts and rulings of the court shall be stated in a narrative form, except where either party claims that any particular testimony should be recorded by question and answer, and then the judge or referee who settles the case shall determine whether a proper presentation of the case for review requires that such portion be stated in hæc verba. This is a rule to which appellate courts are inclined to adhere with great strictness, but it does not exclude the power of the reviewing court to look into a record to see, when the trial judge interposes and examines witnesses himself, whether his conduct has or may have seriously affected the rights of the party; and, where it is made to appear by affidavit that such has been the effect, the reviewing court may require the whole record to be presented to it on appeal. But it must be shown that the party's rights have been or may have been actually prejudiced, and that he has a substantial grievance, and that the questions put by the trial judge were or may have been improper. Nothing of the kind is made to appear here, and therefore we cannot interfere with the ruling made in this case.

The counsel for the prisoner took certain exceptions to the charge of the recorder. They were taken and inserted in the record in their

proper places, as the appellant's attorney admits. In preparing ·his case he restated them in another portion of the record, and it was entirely within the province of the recorder to strike the reiteration from the record.

The appellant also claims that there should appear in the record certain remarks made by the recorder in imposing sentence. Those remarks had nothing whatever to do with the trial, and form no part of the record which should come to this court.

The order appealed from should be affirmed. All concur.